NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-CV-482-KKC

STEVEN F. BREWSTER                                                          PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

COOPER INDUSTRIES, INC.,  ET AL.                               DEFENDANTS

      Steven F. Brewster, the *pro se* plaintiff who lists his address as 1746 Jennifer Road, Suite 4, Lexington, Kentucky, has filed a *pro se* complaint in which he asserts claims under numerous federal statutes.  On page one of his complaint, the plaintiff alleges jurisdiction under 28 U.S.C. §1331.  In subsequent passages, he listed numerous other federal statutes which he contends vest jurisdiction in this Court.  The plaintiff has paid the $250.00 filing fee.

      The Court has screened this non-prisoner, fee-paid complaint under the authority of *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).  *Apple v. Glenn* permits a district court to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  *Id.* at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).  *Sua sponte* dismissal is also appropriate where claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction."  *Apple v. Glenn*, 183 F.3d at 480.  Under these circumstances, amendment would not be permitted after dismissal to cure such defects.

NAMED DEFENDANTS

      The following are named as defendants: (1) Cooper Industries, Inc. ("Cooper"); (2) McGraw

Edison Company ("McGraw Edison") and (3) Bluegrass Regional Mental Health ("BRMH").

<u>PREVIOUS LITIGATION</u>

The complaint is essentially a recital of claims which the plaintiff first asserted in another complaint he filed in this Court on June 9, 2005, being *Steven F. Brewster v. Cooper Industries, Inc., et al*, London Civil Action No. 05-318 (the undersigned, presiding) ("the First Brewster Complaint").[1] In both the First Brewster Complaint, as well as in the instant complaint, the plaintiff alleges that Cooper, McGraw and BRMH are liable to him for personal injuries and/or mental illnesses he sustained as the result of Cooper and McGraw Edison's release of contaminants into the environment and BRMH's misdiagnosis of psychological problems which resulted from said exposure. The plaintiff named the Cabinet for Human Resources, the Department of Disability Services ("DDS"), and the SSA as defendants in the First Brewster Complaint.[2]

The plaintiff alleged in the First Brewster complaint that Defendant McGraw Edison built the NEC plant in the 1950's and operated it until 1985, at which time Defendant Cooper purchased McGraw Edison and operated the NEC plant until 1987. The plaintiff alleged in the First Brewster Complaint, as he does in the instant complaint, that BRMH misdiagnosed his medical condition(s) stemming from the alleged exposure to chemical and hazardous substances from the NEC plant. He further alleged in the First Brewster Complaint, as he does in the instant complaint, that although he has been receiving benefits from the Social Security Administration ("SSA") since 1972, the award of those benefits has been erroneous and that the SSA should not have been responsible for

---

[1] The Court will not reiterate in detail the various claims the plaintiff asserted in the First Brewster Action, as they are set forth in the Memorandum Opinion and Order and Judgment entered in that proceeding on August 15, 2005 [*see* 05-CV-318, Record Nos. 35 and 36].

[2] The Court notes that the plaintiff did not name either the Cabinet for Human Resources, the DDS, or the SSA as defendants in the instant proceeding.

the payment of disability benefits.

The plaintiff claimed in both complaints that Cooper and McGraw Edison are liable for any personal injuries he has sustained. He again appears to seek reimbursement on the SSA's behalf for benefits it has paid to him since 1972, which relief he also sought in the First Brewster Complaint.

On August 15, 2005, the Court entered a Memorandum Opinion and Order dismissing the First Brewster Complaint on several grounds. First, the Court determined that it lacked subject matter jurisdiction over the First Brewster Complaint because there was incomplete diversity of citizenship under 28 U.S.C. §1332.[3] The Court noted that the plaintiff had named not only the Cabinet for Human Resources, Department of Disability Services ("DDS"), an agency of the Commonwealth of Kentucky, as a defendant but also BRMH, a non-profit Kentucky corporation [*see* Memo. Op. & Ord., 04-318-KKC, Record No. 35, pp. 9-12].

Second, the Court determined that Eleventh Amendment immunity shielded the Cabinet for Human Resources, DDS. Third, the Court determined that sovereign immunity precluded any claims against the SSA. The plaintiff did not appeal the dismissal of the First Brewster Complaint.

ALLEGATIONS OF COMPLAINT

The plaintiff has filed a typewritten, forty-six-page complaint, with numerous exhibits attached thereto. The complaint is difficult to follow in several parts, abruptly skipping from detailed literary paragraph format to bare, skeletal outline format. In the middle of the instant complaint, the plaintiff inserted a document resembling a family tree, which the plaintiff entitled "Plaintiff's family Control Group" [Record No. 1, p. 23]. The plaintiff intermittently listed

---

[3]The Court notes that the plaintiff did not name either the Cabinet for Human Resources, the DDS or the SSA as defendants in the instant proceeding.

numerous federal statutes in his complaint and alleged that the defendants violated the statutes, some of which he discussed at length, others which he merely listed by their name and number in the United States Code.

Summarized, the plaintiff again alleges that Defendant McGraw Edison released chemicals into the environment from the National Electric Coal, Inc., plant ("NEC Plant") in the town of Dayholt, Harlan County, Kentucky. The plaintiff alleges that he was exposed to the alleged release of chemicals from the NEC plant between 1959 and 1961 when he was a child visiting his grandfather, who lived near and worked at the NEC plant. In the instant complaint, the plaintiff discusses in detail his medical history, including ongoing treatment for, and the diagnoses of, several different psychiatric disorders. According to the instant complaint, the plaintiff began receiving treatment for his psychiatric problems when he was a child.

<u>DISCUSSION OF INSTANT COMPLAINT</u>
<u>Subject Matter Jurisdiction Required</u>

The preliminary issue which the Court must address relates to subject matter jurisdiction. Subject matter jurisdiction is necessary for the exercise of federal judicial power. *Richmond v. International Business Machines Corporation*, 919 F. Supp. 107 (E.D. N.Y. 1996) (citing Fed.R.Civ.P. 12(b)(1)). The plaintiff has the burden of demonstrating subject matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996); *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990).

Either the court, *sua sponte*, or a party may assert the lack of subject matter jurisdiction at any time during the course of an action. Fed.R.Civ.P. 12(b)(1) and 12(h)(3); *Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939); *Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Franzel v. Kerr Mfg. Co.*, 959

4

F.2d 628, 630 (6th Cir.1992).  Once challenged, the burden of establishing a federal subject matter

jurisdiction rests on the party asserting the jurisdiction.  *Thomason v. Gaskill*, 315 U.S. 442 (1942).

### 1.  "Federal Question" Jurisdiction

The plaintiff now alleges in his renewed complaint that jurisdiction is based on "Federal

questions" under 28 U.S.C. §1331 [Record No. 1, p. 1].[4]  He does not provide the Court with any

other details as to the "federal question" nature of his claims.  It appears that the plaintiff is asserting

the existence of federal question jurisdiction in an effort to overcome the diversity of citizenship

problems he encountered in the First Brewster Complaint.  Although the plaintiff does not

specifically state, the Court  assumes that he is now alleging some type of unspecified claim under

*Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L. Ed.2d 619 (1971).  A

*Bivens* action is a judicially created remedy for the recovery of damages, designed to vindicate

violations of constitutional rights by federal actors.  403 U.S. at 395-97, 91 S.Ct.

The plaintiff's reliance on *Bivens* is, however, misplaced.   In order to state a valid *Bivens*

claim, a plaintiff must plead two essential elements.  First, he must show that he has been deprived

of rights secured by the Constitution or laws of the United States and second, he must show that the

defendants allegedly depriving him of those rights acted under color of federal law.  *Bivens*, 403 U.S.

at 397.  *See also Davis v. Passman*, 442 U.S. 228, 235, 99 S.Ct. 2264, 60 L. Ed.2d 846 (1979) (equal

protection  component  of  the  Fifth  Amendment's  Due  Process  Clause  gives  rise  to  *Bivens*

---

[4]   28 U.S.C. §1331 states as follows:

The district courts shall have original jurisdiction of all civil actions arising under the Constitution,
laws, or treaties of the United States.

employment discrimination action).[5]  The complaint does not satisfy either requirement.

As for the first *Bivens* factor, the plaintiff has alleged tortious conduct on the part of Cooper and McGraw Edison, and negligence on the part of BRMH.   These allegations may qualify as claims under state law, but they do not constitute "federal questions" invoking jurisdiction in this Court. To the extent that the plaintiff has asserted possible state law claims, dismissal without prejudice is still appropriate.  S*ee Mayers v. Sedgwick Claims Management Services, Inc*., 101 Fed.Appx. 591, 2001 WL 34561629, 34561629, (6th Cir. (Tenn.) June 10, 2004) (Not selected for publication in the Federal Reporter).  In *Mayers*, the Sixth Circuit held that the district court, having found no basis for federal jurisdiction, properly declined to consider the plaintiff's state law claim which included breach of contract, gross negligence, fraud, and breaches of duty and due care.

Absent any other basis for jurisdiction, federal courts do not have jurisdiction over actions regarding "duties that are analogous to those traditionally imposed by state tort law." *Lewellen v. Metropolitan Govt., et al.*, 34 F.3d 345, 351 (6th Cir. 1994) (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992) (citations omitted)).  Without more, federal courts are not an avenue for redress of tort claims.  *See Mertik v. Blalock*, 983 F.2d 1353, 1362 (6th Cir. 1993).  This Court has no jurisdiction over state law claims.  *Long v. Bando Manufacturing of America*, 201 F.3d 754, 759 (6th Cir. 2000); *Baldridge v. Kentucky-Ohio Transportation*, *Inc.*, 983 F.2d 1341 (6th Cir. 1993) (this Court properly remanded a wrongful discharge action to state court).

As for the second factor, Cooper and McGraw Edison are private corporations.  BRMH is a Kentucky non-profit corporation. The plaintiff has alleged no facts suggesting that any of the

---

[5] A *Bivens* claim  is only properly asserted against individual federal employees in their *individual* capacities. *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991).

named defendants engaged in action "under color of federal law."  Even if the plaintiff had alleged

such facts or demonstrated that the defendants acted "under color of federal law," he would still be

precluded from asserting a claim for damages under *Bivens*.  There is no implied private right of

action, pursuant to *Bivens*, for damages against private entities that engage in alleged constitutional

deprivations while acting under color of federal law.  *Correctional Services Corp. v. Malesko*,  534

U.S. 65, 71, 122 S.Ct. 515, 521 (abrogating *Hammons v. Norfolk Southern Corp.*, 156 F.3d 701 96th

Cir. 1998).  In *Malesko*, the Supreme Court stated:

> "For if a corporate defendant is available for suit, claimants will focus their
> collection efforts on it, and not the individual directly responsible for the alleged
> injury. *See, e.g.*, *TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443,
> 464, 113 S.Ct. 2711, 125 L. Ed.2d 366 (1993) (plurality opinion) (recognizing that
> corporations fare much worse before juries than do individuals); id., at 490-492, 113
> S.Ct. 2711 (O'CONNOR, J., dissenting) (same) (citing authorities). On the logic of
> [*FDIC v.*] *Meyer*, [510 U.S. 471, 114 S.Ct. 996 (1994)], inferring a constitutional
> tort remedy against a private entity like CSC is therefore foreclosed."

*Correctional Services Corp. v. Malesko*, 534 U.S. 61 at 71, 122 S.Ct. at 521.  In sum, the instant

plaintiff cannot assert a "constitutional tort remedy" against the defendants, as the Supreme Court

rejected such an effort in *Malesko*. There is no subject matter jurisdiction under 28 U.S.C. §1331.

## 2.  Fair Labor Standards Act Claims

The plaintiff alleges that before he entered the fourth grade, he worked at the NEC plant

during the school week, on weekends, and in the summers.  Although the complaint is not well

worded, it appears that the plaintiff is asserting a claim under the Fair Labor Standards Act of 1938

("FLSA"), as amended in 29 U.S.C.A. §201 et seq.  The Court construes this claim based upon the

plaintiff's statement that he ". . .was not PAID for his work."  [Complaint, p. 26]

The Court seriously doubts the validity of his current allegation that he was  "employed" as

a nine- year old.  Even if accurate, the claim must be dismissed for another reason:  it is time-barred under the statute of limitations provisions of 29 U.S.C. §255.  That statute provides as follows:

> Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C.A. §201 et seq.], the Walsh-Healey Act [41 U.S.C.A. §35 et seq.], or the Bacon-Davis Act [40 U.S.C.A. §276a et seq.]--
>
> (a) if the cause of action accrues on or after May 14, 1947--may be commenced within **two years** after the cause of action accrued, and every such action shall be forever barred unless commenced within **two years** after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued; . . .

29 U.S.C. §255 (Emphasis Added).

The plaintiff clearly had two years in which to assert a claim for unpaid wages.  Even if the Court were to toll the two years until 1968, when the plaintiff reached the age of majority, the claim would clearly be time-barred now.  The plaintiff is now 55 years old.  "A complaint does not present a rational basis in law if it is time-barred by the appropriate statute of limitations.  When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate."  *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir.1995); *see also Paige v. Pandya*, 238 F.3d 423, 2000 WL 1828653, **1 (6th Cir. (Mich.)) (Unpublished opinion); *Alston v. Tennessee Dept. of Corrections*, 28 Fed.Appx. 475, 2002 WL 123688 (6th Cir.(Tenn.).  The plaintiff's FLSA claim is dismissed.

### 3.  Request for Criminal Sanctions

The plaintiff devotes the remainder of his complaint to the fact that the defendants have engaged in a wide variety of criminal and/or fraudulent practices in violation of numerous statutes,

some of which authorize the imposition of sanctions or fines.[6]  This Court cannot impose criminal penalties through a civil rights action, absent actions amounting to contempt of court.  *Sahagian v. Dickey*, 646 F. Supp. 1502 (W.D. Wis. 1986).  Such complaints must be initiated by a United States Attorney or a federal grand jury, *Kennedy v. Anderson*, 373 F. Supp. 1345, 1346 (E.D. Okla. 1974); a federal court has no authority to do so.  *Sahagian v. Dickey*, 646 F. Supp. at 1506.

To the extent that the plaintiff seeks to initiate criminal proceedings against the defendants, private parties have no right to file criminal complaints under 18 U.S.C. §§241-42 (the criminal analogue of 42 U.S.C. §1983 and *Bivens*).  *Cok v. Cosentino* 876 F.2d 1 (1st Cir 1989); *see also Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.C. Ohio 1992) (summary judgment for defendants granted, "It is well established that a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").  There are numerous unpublished opinions of the Sixth Circuit which also stand for this proposition.[7]

To the extent that the plaintiff attempts to assert a construed claim for damages stemming from criminal obstruction of justice, 18 U.S.C. §1501 does not create a private right of action for damages, but may be enforced only by the Department of Justice.  *Ippolito v. Meisel*, 958 F.Supp. 155, 167 (S.D. N.Y. 1997).  The plaintiff's construed  request for criminal sanctions, and/or the imposition of penalties, is denied.

---

[6]   The plaintiff alleges that the defendants violated the following statutes:  18 U.S.C. §1035-False Statements Relating to Health Care Matters; 18 U.S.C. §1031-Major Fraud Against the United States; 18 U.S.C. §1033-Crimes by or Affecting Persons Engaged in the Business of Insurance Whose activities Affect Interstate Commerce; 18 U.S.C. §1034- Civil Penalties and Injunctions for Violations; 18 U.S.C. §371- Conspiracy to Commit Offense or to Defraud United States; and 18 U.S.C. §241- Conspiracy Against Rights; 28 U.S.C. §1343- Civil Rights and Elective Franchise.

[7]   *See Hermansen v. Chandler*, 211 F.3d 1269, **2 (6th Cir. (Ky.) April 28, 2000) (Unpublished Disposition); *Walker v. Minton*, 187 F.3d 639, **2 (6th Cir. (Ky.) July 7, 1999); *Merchant v. Patton*, 41 Fed. Appx. 801, 2002 WL 1792080, **1 (6th Cir. (Ky.) August 2, 2002); *Hamilton v. Reed*, 22 Fed. Appx. 551, 2001 WL 1539128 (6th Cir. (Ky.) November 30, 2001); *Franklin v. Henderson*, 15 Fed. Appx. 205, 2001 WL 861697 (6th Cir. (Ohio) June 20, 2001).

4.  Claims Under Fourteenth
Amendments of United States Constitution

The plaintiff alleges that defendant BRMH has violated his rights under the Fourteenth Amendment of the United States Constitution [Complaint, p. 37].  The Fourteenth Amendment guarantees a citizen's right to due process of law and to equal protection of the laws.  This claim also requires dismissal.  The Fourteenth Amendment protects only against actions of the state, not against the actions of private parties.  *Shelly v. Kraemer*, 334 U.S. 1, 13, 68 S. Ct. 836, 842 (1948).

"The rights secured by the Equal Protection and Due Process Clauses of the Fourteenth Amendment are rights to protection against unequal or unfair treatment by the state, *not private parties... [t]here can be no claim for relief based on a violation of the Fourteenth Amendment if there was no involvement by the State*."  *Great America Federal Savings & Loan Ass'n v. Novotny*, 442 U.S. 366, 384, 99 S. Ct. 2345, 2554 (1979) (Stevens, concurring) (Emphasis added); *see also Pahls v. Kesselring*, 230 F.3d 1359, 2000 WL 1290364, **3 (6th Cir.(Ohio) September 7, 2000) (Unpublished Disposition) (In action concerning repossession of property, the plaintiffs produced no evidence linking private actor defendant to actions of the state).

Similar to the discussion of *Bivens* and *federal* action, the instant plaintiff has not alleged that the actions of the private party defendants were "'fairly attributable to the *state*.'"  *Crowder v. Conlan*, 740 F.2d 447, 449 (6th Cir.1984) (quoting *Lugar v. Edmondson Oil Co*., 457 U.S. 922, 937 (1982)); *see also Collyer v. Darling*, 98 F.3d 211, 232 (6th Cir.1996) (discussing the "public function," "state compulsion" and "nexus" tests) (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir.1992)).  The plaintiff's Fourteenth Amendment claims are therefore dismissed with prejudice.

10

5.  Claims Under 42 U.S.C. §§§§1981, 1983
1985 and 1986

The plaintiff asserted bare allegations that the defendants violated these statutes.  All of these claims are dismissed as frivolous.

a.  42 U.S.C. §1981

To succeed under §1981,[8] a plaintiff must allege and prove that a defendant's  actions were purposefully discriminatory and racially motivated, and may not rely entirely on conclusory allegations. *Williams v. Greendolf, Inc*., 735 F.Supp. 137, 139 (S. D. N. Y. 1990); *see General Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391, 102 S.Ct. 3141, 73 L. Ed.2d 835 (1982) (plaintiffs could not bring a disparate impact claim under 42 U.S.C. §1981, since purposeful discrimination was required under §1981); *McReynolds v. Sodexho Marriott Services, Inc*., 349 F.Supp.2d 1 (D.D.C.2004) (same); *Washington v. Davis*, 426 U.S. 229, 96 S.Ct. 2040 (1976) (intentional discrimination must not only be pleaded, but proved); *Browder v. Tipton*, 630 F.2d 1149 (6th Cir. 1980); *Crawford v. Western Electric Co.*, 614 F.2d 1300, 1309 (5th Cir. 1980).  The plaintiff does not allege racially motivated discrimination in relation to the enforcement of a contract, as required under §1981.  That claim is dismissed with prejudice as frivolous.

b.  42 U.S.C. §1983 Claims

To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements.  He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights

---

[8] 42 U.S.C. §1981 protects every citizen's right to make and enforce contracts.  It further guarantees that such right is "protected against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. §198(c).

acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *see Enertech Elec., Inc. v. Mahoning County Commissioners*, 85 F.3d 257, 259-60 (6th Cir. 1996). *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994). A plaintiff must prove that the defendant's actions were "caused, controlled or directed by the state or its agencies." *Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 180 F.3d 758, 764 (6th Cir. 1999); *Burrows v. Ohio High School Athletic Ass'n*, 891 F.2d 122, 125 (6th Cir. 1989).

The plaintiff has named as defendants only two private companies and a non-profit corporation. Similar to the analysis of the dismissed Fourteenth Amendment claim, the plaintiff has not alleged that the defendants acted under color of *state* law or that their actions were in any way attributable to the *state*. Plaintiff has alleged no facts which would satisfy any of the three tests articulated by the Supreme Court in determining whether a defendant's conduct can be fairly attributed to the state. *See West v. Atkins*, 487 U.S. 42, 450 (1988) (public function test); *Adickes v. S. H. Kresse's Co.*, 398 U.S. 144, 170 (1970) (the state compulsion test); and *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721-26 (1961) (symbiotic relationship or nexus test). The plaintiff's claims asserted under 42 U.S.C. §1983 are therefore dismissed with prejudice as frivolous.

c. 42 U.S.C. §1985 Claims

The plaintiff fails to state a claim under 42 U.S.C. §1985 against the named defendants. In order to state a claim under §1985(2), a plaintiff must show either: (1) the existence of a conspiracy to use threat, force or intimidation of a witness or party to obstruct justice in any court of the United States, or (2) class-based invidious discrimination with respect to a state court proceeding. *See Kush v. Rutledge*, 460 U.S. 719, 103 S.Ct. 1483 (1983).

12

Likewise, a claim under 42 U.S.C. §1985(3) requires a showing that two or more persons conspired for the purpose, either directly or indirectly, of depriving another person of equal protection of the law.   Similar to a claim under §1985(2), a claim under §1985(3) requires that such a conspiracy be "motivated by racial or class-based discriminatory animus." *Griffin v. Breckinridge*, 403 U.S. 88, (1971); *United Brotherhood of Carpenters and Joiners of America v. Scott*, 463 U.S. 825, 829, (1983).   The complaint is devoid of any facts concerning racial or class-based discriminatory animus which would support a claim under either 42 U.S.C. §§1985(2) or (3).

A claim under §1986 depends upon the existence of a claim under §1985.  *Mollnow v. Carlton*, 716 F.2d 627 (9th Cir. 1983), *cert. denied*, 465 U.S. 1100 (1984).  A plaintiff who has failed to state a valid claim under §1985 does not state a claim for failure to prevent such a violation. *Givan v. Greyhound Lines, Inc.*, 616 F. Supp. 1223 (S.D. Ohio 1985).  *See Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.*, 32 F.3d 989 (6th Cir. 1994) (In the absence of a violation of §1985, the dependent section 1986 cause of action also failed ); *Browder v. Tipton*, 630 F.2d 1149, 1155 (6th Cir. 1980)).  The §§1985 and 1986 claims are dismissed with prejudice as frivolous.

<u>CONCLUSION</u>

Accordingly, the Court being advised, **IT IS ORDERED** that this action is **DISMISSED** *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

This the 28th day of September, 2005.



**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**